McCORD, Chief Judge,
dissenting.
In my view, the search was reasonable and suppression of the evidence was, therefore, error. The evidence shows that before Officer Eddy went to the open area at the end of the bar, he and appellee had raised their voices in argument over the five dollar bill. The officer went to the end of the bar to discuss the matter quietly out of the hearing of the bar’s patrons. When he did this, appellant took a long stride to open a drawer under the cash register. To protect himself, the officer then restrained appellant from opening the drawer and opened it. himself, revealing the pistol which appellant was apparently trying to obtain. The search was for the officer’s protection and entirely reasonable. Under these circumstances, it was as reasonable to search the drawer as it would have been to search appellant’s person had he made a move for his pocket in such manner as to give the appearance that he was going for a weapon.